UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMUEL JOSEPH GENTILE

v.                                            Civil Case No. 8:19-CV-2482-T-27AEP
                                                 Crim Case No. 8:96-CR-00004-T-27AEP

UNITED STATES OF AMERICA
_____/

## ORDER

**BEFORE THE COURT** are Petitioner Gentile's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), Memorandum in Support (cv Dkt. 2), and the United States' Response (cv Dkt. 10). Upon consideration, Gentile's § 2255 motion is **GRANTED**. His conviction on Count Six is **VACATED**. A new sentencing hearing on Counts One, Four and Five will be scheduled by separate order.

### Background

Gentile was convicted in May 1996, of (1) possession of a destructive device (a pipe bomb) (Count One); (2) conspiring to use a weapon of mass destruction against a person in the United States (Count Four); (3) attempting to damage a vehicle used in an activity affecting interstate commerce (Count Five); and (4) using and carrying a pipe bomb during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count Six) (cr Dkt. 80). He was sentenced to 200 months imprisonment as to Counts Four & Five (concurrent); 120 months imprisonment as to Count One (to run concurrent with Counts Four & Five); and 360 months imprisonment as to Count Six (said term to run consecutive as to the sentences imposed in Counts One, Four & Five) (cr Dkts. 127, 134).

Gentile's convictions and sentences were affirmed (cr Dkt. 189); *United States v. Viscome*, 144 F.3d 1365 (11th Cir. 1998), *cert. denied*, 525 U.S. 977 (1998). His Motion to Vacate Under

1

28 U.S.C. § 2255 (cr Dkt. 196) was denied (cr Dkt. 213), and the Eleventh Circuit affirmed (cr Dkt. 226). He filed two more § 2255 motions which were dismissed as successive. *See Gentile v. United States*, 8:13-cv-2261-T-27TBM (M.D. Fla. 2013); *Gentile v. United States*, 8:14-cv-531-T (M.D. Fla. 2014).

Having received authorization from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion (cr Dkt. 269), Gentile moves to vacate his Section 924(c) conviction on Count Six based on *United States v. Davis*, 139 S. Ct. 2319 (2019), and for a new sentencing hearing on the remaining counts (cv. Dkts. 1, 2). The United States concedes that his convictions on Counts One, Four, and Five no longer qualify as predicate "crimes of violence" under § 924 (c) and therefore his conviction on Count Six should be vacated and argues Gentile should be resentenced to time-served on the remaining counts (cv Dkt. 10 at 7).

**Discussion**

In *Davis*, the Supreme Court struck down 18 U.S.C. § 924(c)(3)'s residual clause as unconstitutionally vague. *Davis* announced a new constitutional rule "because it extended *Johnson* and *Dimaya* to a new statute and context" and "applies retroactively to criminal cases that became final before the new substantive rule was announced." *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019) (citing *Welch v. United States*, 136 S. Ct. 1257, 1264-65).

Gentile contends "that his conviction and sentence under 18 U.S.C. § 924(c) violates his constitutionally protected Due Process Rights." (cv Dkt. 2 at 3). Specifically, he contends that "the (3) Three criminal statutes that Petitioner was indicted under do not require as an element the use of force language required under § 924(c)(3)(a)'s Element Clause as such count 6's § 924(c) Conviction and Sentence rested solely on § 924(c)(3)(b)'s Residual Clause, which has been rendered unconstitutional under Davis." (cv Dkt. 2 at 4). As noted, the United States concedes that his convictions on Counts One, Four, and Five no longer qualify as predicate convictions to support

2

his § 924(c) conviction on Count Six. (cv Dkt. 10 at 4-7). As the United States correctly acknowledges, "because the predicate acts related to Gentile's section 924(c) conviction and sentence are no longer crimes of violence, his section 924(c) conviction and sentence cannot stand." (Id. at 7). As a result, the United States "does not seek re-sentencing on the remaining counts in this case and asks this Court to sentence Gentile to time-served," followed by three years' supervised release (Id. at 7-8). Notwithstanding, a new sentencing hearing is required on the remaining counts. *United States v. Fowler*, 749 F.3d 1010, 1016-17 (11th Cir. 2014).

## Conclusion

Gentile's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 is **GRANTED**. Accordingly, his conviction on Count Six is **VACATED**. A new sentencing hearing on the remaining counts will be scheduled by separate order. Any pending motions are **DENIED as moot**. The Clerk is directed to close this case.

**DONE AND ORDERED** this 11th day of February, 2020.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Petitioner, United States Attorney's Office, United States Probation Office